# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10604

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2020

Lyle W. Cayce
Clerk

ALTON MACKEY,

> Plaintiff - Appellant

v.

ENVENTIVES, L.L.C., doing business as Venture Chemicals,

> Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-293

Before DAVIS, SMITH, and STEWART, Circuit Judges.

PER CURIAM:*

This appeal follows the district court's grant of summary judgment in favor of Enventives, L.L.C. ("Enventives") in this race discrimination case. For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10604

## I. Background

In March 2014, Alton Mackey, who is African-American, began working as a groundskeeper for Enventives,[1] an oilfield services company, in Gaines County, Texas. In August 2015, Mackey had shoulder surgery. Mackey returned to work in October. On November 9, 2015, he was laid off. His termination marked the beginning of a "reduction in force" in which Enventives laid off 19 of the 28 employees at its Gaines County facility over the next few months.

In December 2017, Mackey sued Enventives. He claimed that Enventives terminated him because of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* He also claimed he was fired because of a temporary shoulder-related disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* In January 2019, Enventives moved for summary judgment. Mackey opposed the motion as to his race discrimination claim and abandoned his ADA claim. In April 2019, the district court rendered summary judgment in Enventives's favor. This appeal followed.

## II. Standard of Review

"We review a district court's grant of summary judgment *de novo*, viewing all facts and drawing all inferences in a light most favorable to the non-moving party." *Harville v. City of Houston, Miss.*, 945 F.3d 870, 874 (5th Cir. 2019). A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

---

[1] At the time Mackey began working for Enventives, he was employed by its predecessor company, Venture Chemicals, Inc. Because there is no need to distinguish between the entities, we refer to his employer as "Enventives" throughout this opinion.

2

No. 19-10604

### III. Analysis

Title VII of the Civil Rights Act prohibits employers from terminating employees on the basis of race. 42 U.S.C. § 2000e-2(a)(1). In racial discrimination cases with no direct evidence of discrimination,[2] the Fifth Circuit applies the modified *McDonnell Douglas* burden-shifting framework. *Harville*, 945 F.3d at 874 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The first step is determining whether the plaintiff has made out a prima facie case of racial discrimination. *Id.* at 874–75. To do so, a plaintiff must show that he: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) suffered an adverse employment action; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *Id.* at 875.

Here, the parties agree that Mackey has satisfied the first three elements of his prima facie case. The fourth element is disputed. Like the district court, we will assume without deciding that Mackey has satisfied this fourth element and has therefore made out a prima facie case sufficient to trigger the next step in the burden-shifting inquiry.

Once a plaintiff makes out a prima facie case of racial discrimination, the burden shifts to his employer to produce a legitimate, non-discriminatory reason for the employee's discharge. *Id.* The parties agree that Enventives has done so by producing evidence that the position of groundskeeper was its least critical position and, because of a brief downturn in the oil industry, it needed to cut jobs to save money amid declining revenue.

This brings us to the crux of the issue in this case. Once an employer produces a legitimate, non-discriminatory reason for the adverse employment

---

[2] Mackey does not argue that there is direct evidence of racial discrimination.

3

action, the burden shifts back to the plaintiff to make one of two showings. At the summary judgment stage, the plaintiff must offer sufficient evidence to create a genuine dispute of material fact that either (1) the employer's proffered reason for the adverse action is not true but is instead pretext for discrimination (pretext inquiry) or (2) the reason, while true, is only one reason for the adverse action, another being that racial discrimination was a motivating factor (mixed motives inquiry). *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). If the plaintiff succeeds on either ground, he will survive a motion for summary judgment. *See id.*

### A. Pretext

To establish pretext, an employee must show that his employer's "proffered explanation for his termination is false or 'unworthy of credence.'" *Id.* at 637 (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). "Such rebuttal evidence, combined with the prima facie case, will suffice to create a genuine [dispute] of material fact such that summary judgment is inappropriate." *Id.* at 637–38.

Mackey argues that Enventives's stated reason is false for several reasons. First, during its reduction in force, Enventives laid off seven of its eight African-American employees while only laying off 12 of its 19 Hispanic employees and retaining its only Caucasian employee. Second, the person who actually told him he was being fired, Juan Perez, the facility's plant manager, told Mackey he was being fired because he was working too slowly and was overly limited by his shoulder operation. Perez said nothing about Mackey's position's being eliminated as part of a reduction in force. And third, in the months leading up to Mackey's layoff, Perez often directed racial slurs and epithets toward Mackey and the facility's other African-American workers. Because Enventives has failed to introduce any evidence to contradict these showings, Mackey argues that he should survive summary judgment on

pretext grounds.

We disagree. The question before us at this stage is whether a reasonable jury would believe Mackey's version of events and conclude that Enventives's stated reason for laying him off is false. *Harville*, 945 F.3d at 874 ("[A] factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.") (internal quotation marks omitted). The undisputed facts show that Enventives's monthly revenue dipped significantly in the fall of 2015. As a result, its co-owners, Jay Cowan and Michael Kilchrist, along with Operations Manager Rich Foreman, decided to implement a gradual reduction in force. The co-owners decided that Mackey should be the first to go because groundskeeper was "the least needed position" that had "the least bearing on the company's production." Even though the record shows that Perez actually fired Mackey, gave him different reasons for the termination from those provided by Enventives's co-owners, and had directed racial slurs toward Mackey and other African-Americans at work, Mackey has failed to produce any evidence suggesting that Perez had a say in the owners' decision to lay him off. We therefore hold that on the undisputed record a reasonable jury would not conclude that Enventives's stated reason for laying off Mackey was either false or unworthy of credence.

## B. Mixed Motives

Even when an employee fails to show that his employer's stated reason for terminating him is pretext for race discrimination, the employee can still survive summary judgment if he shows that his race was merely a "motivating factor" in his employer's decision. 42 U.S.C. § 2000e-2(m) ("[A]n unlawful employment practice is established when the complaining party demonstrates that race . . . was a motivating factor for any employment practice, even though other factors also motivated the practice."); *see Chapple v. Tex. Health & Human Servs. Comm'n*, 789 F. App'x 985, 988 n.3 (5th Cir. 2019) (per curiam).

No. 19-10604

Mackey relies on the same facts to support his mixed motives argument as he did to support his pretext argument. But his mixed motives claim suffers from the same fatal flaws as his pretext claim. The undisputed record shows that Enventives's owners implemented a reduction in force that resulted in it laying off 19 of the 28 employees at its Gaines County facility. A majority of the facility's Hispanic workers—in addition to all but one of its African-American workers—were victims of the layoff. Nothing in the record suggests that Perez, Mackey's immediate supervisor, played a role in deciding to implement the layoff or in deciding the order in which employees would be let go. Under these facts, we hold that a reasonable jury would not conclude that Mackey's race was a motivating factor in Enventives's decision to terminate him. *See Dailey v. Shintech, Inc.*, 629 F. App'x 638, 640–42 (5th Cir. 2015) (affirming summary judgment for employer in race discrimination case even though the employee's supervisor had made racially charged comments toward the employee on several occasions).

## IV. Conclusion

For the foregoing reasons, we hold that Mackey has failed to create a genuine dispute of material fact sufficient to survive Enventives's motion for summary judgment. We therefore AFFIRM the judgment of the district court.